All right, the last case we'll hear is Guzman v. Acuarius Night Club, spelt in a peculiar fashion. And Mr. Goloszewski, I will hear from you first. Good morning, and may it please the Court, John Goloszewski on behalf of the appellants. The question before this Court is an exceedingly straightforward one. We lay it out in our papers. Did the district court err in granting respondents' motion to dismiss exclusively on the grounds appellants did not file an opposition? It's exceedingly straightforward because this Court has twice answered this exact question, once in 2014 in Stevenson and last year in Gowdy. And I think Gowdy is worth quoting. Quote, a district court is obliged to review a defendant's motion to dismiss and ensure that dismissal is appropriate even where, as here, plaintiff fails to respond to the motion. Although the district court may dismiss an action on the uncontroverted basis asserted in the motion, it still must review the grounds presented in the motion. Well, the long and short of it is that there's no default motion for summary judgment or default motion to dismiss or default motion for judgment on the pleadings. We've written this up in summary judgment area, too. I mean, the idea is if somebody doesn't answer or answers inadequately, the court still has to decide the motion. And the motion here is the sufficiency of the complaint. That's exactly right, Your Honor. Considering all allegations in the complaint and the like most favorable to the plaintiffs, considering in this case 120 advertisements containing my client's intellectual property, but Your Honor is absolutely correct to do otherwise, to grant it as unopposed. And let's be clear, in light of Respondent's argument, there is nothing in the record to indicate the district court reviewed any aspect of this case, either the motion or plaintiff's complaint. Quote, text order, granting as unopposed. And we can contrast this to case after case after case in this circuit in which a plaintiff has not responded to a motion to dismiss. And the district court says, even though there is no response under Stevenson and more recently under Gowdy, we nevertheless need to consider the entirety of the motion and the complaint. And then goes on to issue a five, six, seven page decision. We cite the Parks case in here. There are reams of other cases on this point. As Your Honor says, to dismiss this case on the ground as unopposed amounts to a procedural default, amounts to a sanction against the plaintiffs. And this is the exact opposite of what this court has said. Briefly, Respondents offer three arguments. Can I ask you, in the text order, the district court indicates that certain claims are dismissed with prejudice and certain other claims are dismissed without prejudice. And then there's a declination to exercise jurisdictional, supplemental jurisdiction over, I guess, a final claim. Do those different dismissal postures indicate that the district court did, in fact, engage and consider the merits? Absolutely not. What would be enough? And if I just may, the reason is because they did not move to dismiss the state misappropriation claim. That is the claim that was dismissed without prejudice and the district court decided not to exercise supplemental jurisdiction. The answer is I don't know what enough would be. Enough would have to include analyzing the specific allegations in the complaint, assessing the law, setting forth that under Rule 12 the standard is to construe all allegations in the light most favorable to the plaintiff and so forth. I don't think we can set it has to be 5 paragraphs, 10 paragraphs, 20 paragraphs. But what I do know is that when an order sets forth that a case is dismissed, quote, granting as unopposed, that there is nothing in the record, nothing in the record. And that's what we care about under Gowdy. There is nothing in the record to indicate that the district court did any of these things, that it ever reviewed the complaint, that it ever reviewed the motion. And that's the problem under Gowdy. Three arguments that the respondents make. The first, I think we just touched on it, is that the district court did in fact review the motion and the record. Did in fact review the motion and the complaint and all the record below. I'm not saying that the district court didn't. I have no idea. All I know is what the record says. And the record does not say we are dismissing this complaint because of a failure to plead a Lanham Act claim, for a failure to plead negligence, et cetera, and so forth, which is what you would expect. All it says is granting as unopposed. The second argument is that the local rules of South Carolina, quote, require a response to a Rule 12 motion. We lay out the local rules. They don't say anything relating to that. There is no requirement whatsoever. What they say is that if a Rule 12 motion is not opposed, then the district court will review the motion on the record. Completely aligns with district court's decision in Stevenson and Gowdy. There is no obligation for a plaintiff to respond to a Rule 12 motion. Third, they made the argument primarily at their motion to dismiss the complaint, that there was some obligation to file a motion for reconsideration. It's an affront to Rule 59 and 60. It's an affront to Federal Rule of Appellate Procedure 3 and 4. The idea that there is now some additional hurdle that a plaintiff or any party needs to overcome before they can avail themselves. Well, the post-trial proceedings in this were totally, well, messy, so to speak. I do not disagree. But the dismissal judgment was entered on the 12th, and you filed a 60B motion on the 15th, and that was decided in June, and two days later you appealed. It seems to me pretty pro forma. We agree, Your Honor. Unless anyone has any questions. Okay, thank you very much. Thank you. Mr. Barber. May it please the Court, Philip Barber for the Appellee Vicarious Nightclub. I believe as a threshold issue here, if we refer to this issue of whether or not the district court actually looked at the merits before dismissing, maybe refer to that as a Stevenson issue, before getting to that, was it preserved? That issue was never out. It doesn't need to be preserved. It doesn't need to be preserved. A judgment is a judgment, and you can appeal it. If it's wrong, it's wrong. We'll reverse it. There's no post-trial motion that has to be filed. That's totally voluntary on his part, and he'd take a shot on reconsideration for different reasons. But he timely appealed the judgment. The judgment was April 12th, and he appealed on June 13th, two days after the Court disposed of his post-trial motion. All the rest is irrelevant. We have the judgment before us, and he says it was wrong because he says the Court decided it as a matter of default. And I think that's the issue before us. Very well, Your Honor. But where do you get some authority that he has to file a 60 motion or a 59 motion? Well, two sources, Your Honor. Specific to this posture, the First Circuit, of course, has ruled on the general rule that's true everywhere, that you cannot argue something on appeal in the first instance, that you have to make some argument below before you come say that the Court's ruling was incorrect. The Court entered a judgment against the plaintiff because the plaintiff didn't respond and said because if there's no response, it's dismissed. That's what the district court did. That's a final judgment. And they're appealing that judgment, and it seems to me every issue encompassed in that judgment is on appeal. Yes, Your Honor. I mean, they didn't even get a chance to respond. Now, they did file – well, they were untimely, but they did file a Rule 60B motion. The Court denied it, so they appealed the judgment. They can do that. Yes, Your Honor. And getting to that issue, first, the record does have indications that the district court did, in fact, look at the merits. It is certain. It looks to me like it relied on the fact that there was no response. Now, show me otherwise. It looks to me like the district court said they failed to respond as unopposed, therefore she granted it, which is a notion of default motion. And, of course, the rules require to grant a motion to dismiss, you need to test the sufficiency of the complaint, the legal sufficiency of the complaint, or a summary judgment that you're entitled to judgment as a matter of law. Yes, Your Honor. For evidence that the district court actually read the motion, there is the fact that some claims were dismissed with prejudice. It's not the case that the defendant did. Well, wasn't that the issue for whether the court's going to retain claims? I mean, the court didn't want to retain state law claims, right? Yes, Your Honor, and that was in the motion. Yeah. The defendant moved to dismiss those claims without prejudice, arguing the court should decline supplemental jurisdiction. That was part of the motion. The court clearly read the motion and distinguished between the claims that were dismissal assault with prejudice from claims that were assault without prejudice. It may have read them. It may have considered it. The court may have even thought it was a lousy complaint, but the court didn't say that. The court said it's unopposed, therefore I'm granting it. Yes, Your Honor, and if I may, on that point, on another issue of preservation, it is usually the rule that if everything is here, there's a judgment, everything encompassed in the judgment is on appeal, there should be some showing in an opening brief about why, if that error did occur, why it's not harmless. There's no harmless error issue. The question is whether the court can dismiss a 12B6 motion without considering the sufficiency of the complaint. That's the issue on appeal. Now, there's another issue on appeal he could raise is should the court have reopened the judgment because of attorney error. He can argue that, too, and we could send it back on the basis of that. Maybe the court abuses discretion in not opening the judgment because of attorney error. I'm not sure what the error was. Respectfully, Your Honor, he did make that appeal. They didn't put it on their docket or they misread it or didn't catch it. It seems to me if notices are given these days electronically, you could argue that, well, the power was out in my chambers and I didn't get it or whatever. But he could raise that, too. That's part of the judgment. He could raise anything on the appeal that was disposed of in the judgment. He did make that appeal, Your Honor. There are three notices of appeal in this action. There's the appeal from the judgment. Those are subsequent, and they're really we have jurisdiction over this case because of the appeal on June 13th. Yes, Your Honor. But to be clear on the record, the point that Your Honor just made that he could have raised those issues about attorney error, he did file a motion, a Rule 60 motion, making those arguments. And when it was denied, he did notice an appeal that's before the court now. As I noted in the police brief, he abandoned that argument. The appeal is an appeal not from the 60B. It includes the 60B, but it also includes the judgment. The appeal is from the final judgment dated April 12th. Yes, Your Honor. And he's challenging that judgment on appeal. Yes, Your Honor. A Rule 60B appeal. It's so straightforward. You're imposing all these almost common law traps. He didn't answer the complaint. The district court disposed of it because there was no response. And he then came in and said, I'd like to reopen it because I made a mistake. And the court said no, and he appealed. Now, when he appeals that, he gets to appeal both the court's decision on not reopening and the judgment itself. Yes, Your Honor. He noticed both of those appeals timely. Yes, Your Honor. So I don't know why we fight over that. It seems to me the argument you're making is that the court could have read the complaint. And it's indicative that she did read the complaint because some of the cases were without prejudice, some of the claims. But that was with respect to the exercise of supplemental jurisdiction, wasn't it? It was, Your Honor. It's all in the same motion. There's one complaint and one motion to dismiss, which the court read, as indicated by the ruling, which followed relief being sought for the reasons being sought in the motion. But there's no evidence that the court, with respect to the federal claims, there's no evidence that the court considered the sufficiency of the complaint, the legal sufficiency. And that's what a 12B6 motion raises. Yes. You can only grant a 12B6 motion if the complaint is legally insufficient. And you can deny it if it's legally insufficient. Now, she granted it, and so she could only do so if she had concluded that it was legally insufficient. It looks to me on this complaint, on this record, that she did not consider that. She considered the fact that there was no response and, therefore, was unopposed. Isn't that what you read from her writing? No, Your Honor, because those claims, certain claims were dismissed with prejudice. And there are plenty of cases that stand for the principle that a dismissal of prejudice is on the merits. The fact that she made that election on some claims and not others indicates consideration of the merits. Okay. All right. Thank you. If I may make one last point, Your Honor, even on remand under the local rule and decisions of this court, it's the court's discretion whether to allow a memo in response. You know, if there is an error, it may be that the court needs to issue an opinion explaining the ruling that it made earlier. The sanction for not responding to a motion to dismiss is not to dismiss the motion. The sanction for not responding is that he has taken himself out of the picture. Yes, Your Honor, absolutely. So he can't make the argument. But the court still has to satisfy itself that the motion should be granted. Yes, Your Honor. So if the court erred in that, you open it up again, and the court would have that motion before her, and she could consider it. They could file their responses and so forth. Yes, Your Honor. I was simply making the point that the error would be to not explain the reasoning for the motion and to engage in the analysis if, in fact, it did not occur the first time, but that there is not a right under the rules to reopen the briefing on the motion and receive a response. That would be within the district court's discretion. Well, if the judgment is vacated, then the district court has before it a motion, plain motion, and how the court handles it thereafter will be up to the district court, would be, wouldn't it? Absolutely, Your Honor. Thank you, Your Honor. Yeah. Anything further? Very briefly, Your Honor, I think Your Honor understands I'm not here on any merit-based appeal whatsoever. It's not coming into the picture. We are here exclusively on the issue of whether the district court erred in granting the motion as unopposed. In our reply brief, as counsel alluded to this First Circuit authority, the First Circuit in the Jones case acknowledged that it is, quote, out of step with every other circuit in the country, but then went on to say, still, in order for dismissal for failure to respond to a Rule 12b6 motion to stand in this circuit, the relevant local rule generally must impose a mandatory requirement to file an opposition. And, of course, the District of South Carolina has no such mandatory rule. I think also it's worth noting. Well, there may be a rule. Well, it could be a mandatory rule locally imposed to answer the motion. But the failure to do that is not to default. I mean, we have a concept of default judgments where somebody doesn't answer, but we have a whole process that involves that. And the person put on notice, if you do not answer this complaint, default judgment will be entered against you. And then the person comes in and can set it aside under established procedure. But the complaint, unanswered complaint, is different from a motion that challenges the sufficiency of the complaint or the legality or the matter of law under Rule 56. And I actually wrote an opinion a while back, said there's no such thing as a default judgment under Rule 56. Right. Because the rules require the court to consider different issues, whether there's an issue of fact and whether you're entitled to a judgment as a matter of law. Here, it's the legal sufficiency of the complaint on its face. That's exactly right. And I think the court understands it. Thank you very much. We'll adjourn court. Signe Dye. And then come down and re-counsel. This honorable court stands adjourned. Signe Dye. God save the United States and this honorable court.
judges: Paul V. Niemeyer, Roger L. Gregory, Nicole G. Berner